# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

JACK LEE BOUNDS,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )          No. 4:13CV297 CDP
                                    )
CORIZON, INC., et al.,              )
                                    )
            Defendants.             )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jack Bounds (registration no. 152592), an inmate at South Central Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $23.25. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $116.25, and an average monthly balance of $59.85. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $23.25, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S.

25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act. Named as defendants are Corizon, Inc., J. Cofield, E. Conley, M. Sands, J. Ibrahim, Unknown Scott, A. Renee Todaro, Wanda Laramore, Edie McDaniel, J. Brown, Jeff Norman, and John or Jane Doe.

Plaintiff alleges that he needs custom orthopedic boots to be able to walk and to participate in daily life activities. Plaintiff allegedly suffered severe ankle trauma in both ankles several years ago. He is now seventy-seven years old.

Plaintiff claims that one of his pairs of boots were confiscated in 2007 by custody personnel. Plaintiff says he requested medical, administration, and ADA personnel to intervene, but that they did not return his second pair of boots to him. This meant that when his primary pair of boots had to be repaired, he would have to

wear non-orthopedic boots for a time, which would cause him pain and suffering and interfere with his daily life activities.

Plaintiff asserts that whenever his primary boots would have to be sent out for replacement, he would need to see an orthopedic specialist for resizing "because the bones in his ankles and feet shift over time and his age [and] bone deterioration make this necessary."

Plaintiff believes that the denial of a second pair of boots is a denial of his constitutional rights under § 1983 and a denial of his rights under the ADA.

### Discussion

1.    Section 1983 Claims

The complaint is silent as to whether defendants are being sued in their official or individual capacities.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either

-4-

a State nor its officials acting in their official capacity are 'persons' under § 1983."

Id. As a result, the complaint fails to state a claim upon which relief can be granted.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Consequently, the complaint fails to state a claim upon which relief can be granted for this reason as well.

To state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132

F.3d 1234, 1239 (8th Cir. 1997). To state a claim against defendant Corizon, Inc., plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. <u>Sanders v. Sears Roebuck & Co.</u>, 984 F.2d 972, 975-76 (8th Cir. 1993). In the instant complaint, plaintiff has not pled any facts showing that defendants were aware of a serious medical need to plaintiff and that they disregarded it. Nor has plaintiff alleged that Corizon created a policy that led to a constitutional injury. Therefore, the complaint fails to state a claim under § 1983 for this reason as well.

     2.    <u>ADA Claims</u>

Title II of the ADA applies to "public entities." 42 U.S.C. § 12132. Under 42 U.S.C. § 12131(1), "The term 'public entity' means . . . any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government." The term "does not include individuals." <u>Alsbrook v. City of Maumelle</u>, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc). A private contractor does not become a "public entity" under Title II merely by contracting with a governmental entity to provide governmental services. <u>Green v. City of New York</u>, 465 F.3d 65, 79 (2nd Cir. 2006). As a result, Title II of the ADA, which applies to prisoners, does not impose liability on any of the individual

defendants in their individual capacities or Corizon, Inc., and plaintiff's ADA claims fail as a matter of law.

For these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e). Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $23.25 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of March, 2013.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE